IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT A. MCKINNON, | ) | Case No. 4:21-cv-1878 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| KEITH FOLEY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Pending before the court is petitioner Scott A. McKinnon's motion to voluntarily dismiss his petition for a writ of habeas corpus. ECF Doc. 9. After advising McKinnon of the potential untimeliness of his current petition, the court granted McKinnon until September 9, 2022 for him to either: (i) reaffirm his desire to voluntarily dismiss his petition; or (ii) respond to respondent Warden Keith Foley's return of writ. To date, McKinnon has done neither.

Because McKinnon's motion is unopposed and McKinnon has been fully apprised of the procedural obstacles he will face should he choose to file a new petition, I recommend that McKinnon's motion (ECF Doc. 9) be GRANTED and his petition (ECF Doc. 1) be DISMISSED WITHOUT PREJUDICE.

**I.      Relevant Background**

McKinnon is an Ohio prisoner serving a 19-year sentence for felonious assault and aggravated burglary. On September 30, 2021, McKinnon filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254, raising 14 grounds for relief challenging the constitutionality of his convictions.  ECF Doc. 1 at 5–13.

On February 1, 2022, Warden Foley, filed a return of writ, seeking dismissal of McKinnon's petition solely on the basis that it was barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  ECF Doc. 8.  On February 23, 2022, McKinnon filed a motion seeking one of two things: (i) that the court dismiss his § 2254 petition without prejudice; or (ii) that the court appoint him an attorney to assist in preparing a response to Warden Foley's motion.  ECF Doc. 9.  Warden Foley filed a response, indicating that he opposed only McKinnon's request for appointment of counsel.  ECF Doc. 10.

On July 11, 2022, the court granted McKinnon an additional 60 days to file a response to Warden Foley's motion to dismiss and denied his motion for appointment of counsel.  ECF Doc. 11.  The court discussed AEDPA's requirement that a petition for a writ of habeas corpus be filed within one year of the latest of four triggering dates and the applicable exceptions to the one-year deadline.  ECF Doc. 11 at 2–3.  The court also conducted a preliminary review of Warden Foley's timeliness argument, determining that, on the current record, McKinnon's petition was untimely under 28 U.S.C. § 2244(d)(1)(A) because: (i) McKinnon's conviction became final on March 6, 2018, when the time to file a petition for a writ of certiorari with the United States Supreme Court expired; (ii) there were no intervening events which would toll the one-year deadline because McKinnon's only post-conviction filing was an untimely Ohio App. R. 26(B) application; (iii) McKinnon's September 30, 2021 § 2254 petition was, therefore, untimely by over two-and-half years.  ECF Doc. 11 at 4.

However, the court indicated that without a traverse from McKinnon it was unable to determine whether an exception to the one-year deadline applied.  ECF Doc. 11 at 4.  Thus, the

2

court instructed McKinnon that in his response he could either: (i) reaffirm his desire to have the case voluntarily dismissed; or (ii) address whether equitable tolling applies, whether any of his grounds for relief presents a claim of actual innocence, or whether one of the other statute of limitations triggering dates applies. ECF Doc. 11 at 5.

To date, McKinnon has not filed anything in response to court's July 11, 2022 order.

**II.  Analysis**

Whether or not to allow dismissal is within the court's discretion. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). And voluntary dismissal in a habeas case is permitted even when the respondent has moved to dismiss. *Truckey v. Ashtabula Cnty. Probation Dep't*, No. 1:20-CV-02222, 2021 U.S. Dist. LEXIS 32365, at *2 (N.D. Ohio Feb. 22, 2021). But courts are careful "to ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *Carosiello v. Harris*, No. 4:19 CV 409, 2019 U.S. Dist. LEXIS 195903, at *26 (N.D. Ohio Sept. 27, 2019) (quoting *Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993)).

The court's July 11, 2022 order advised McKinnon of AEDPA's one-year filing deadline, the potential untimeliness of his petition, and what he would need to argue in order to overcome his untimeliness. Despite being given an opportunity to rebut Warden Foley's arguments, McKinnon has not availed himself of that opportunity. Thus, it appears that McKinnon has no intention of further pursuing his claims for relief in this case.

Because McKinnon has been apprised of the procedural obstacles a future petition might face and his motion is unopposed, I recommend that McKinnon's motion to voluntarily dismiss

3

(ECF Doc. 9) be GRANTED and that his petition for a writ of habeas corpus (ECF Doc. 1) be DISMISSED WITHOUT PREJUDICE.

Dated: September 12, 2022

Thomas M. Parker
United States Magistrate Judge

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).